IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01570-WYD-PAC

A.P. MOLLER - MAERSK A/S d/b/a MAERSK SEALAND, a Danish corporation,

　　Plaintiff,

v.

TINGEY TRADING INTERNATIONAL, INC., a Colorado corporation,

　　Defendant.

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Partial Summary Judgment [# 13], filed June 15, 2006, and Brief in Support of Plaintiff's Motion for Partial Summary Judgment [# 14], also filed June 15, 2006.  Defendant Tingey Trading International, Inc. ("Tingey Trading") did not file a response to Plaintiff's Motion and, in fact, at the final pretrial conference held by Magistrate Judge Coan, Defendant stated that the motion was unopposed and confessed.  See Courtroom Minutes/Minute Order dated Aug. 18, 2006 [# 16]; Final Pretrial Order dated August 21, 2006, at ¶ 5 "Pending Motions" [# 17].

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  "The burden of showing that no

genuine issue of material fact exists is borne by the moving party." *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  When applying this analysis, the court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quoting *Martin v. Kansas*, 190 F.3d 1120, 1129 (10th Cir. 1999)).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* (quoting *Martin*, 190 F.3d at 1129).

Because Defendant confesses Plaintiff's Motion for Partial Summary Judgment, there are no genuine issues of material fact, and Plaintiff is entitled to judgment as a matter of law on the issue raised in its motion.  In its motion, Plaintiff A.P. Moller-Maersk A/S d/b/a/ Maersk Sealand ("Maersk") states that Defendant Tingey Trading has failed to pay for certain transportation services and that it is seeking monetary recovery for the services provided.  Pl.'s Br. at 1.  Plaintiff further states that "[d]uring the course of this suit Tingey Trading has admitted that it owes Maersk certain freight charges while disputing its liability for other freight charges.  Of the fourteen (14) shipments for which Maersk seeks recovery in this matter Tingey Trading admits that it owes freight charges for nine (9) of those shipments while disputing its liability for the other five (5) shipments." *Id.* at 1–2.  Plaintiff Maersk seeks summary judgment against Defendant Tingey Trading in the amount of $41,886.00 for the nine uncontested shipments and reserves the right to continue seeking damages for the remaining five shipments as well as its costs, expenses, interest, and attorneys' fees. *Id.* at 7.

Because Defendant Tingey Trading does not dispute that it owes Plaintiff Maersk for the nine shipments, it is

ORDERED that Plaintiff's Motion for Partial Summary Judgment [# 13], filed June 15, 2006, is **GRANTED**.  It is

FURTHER ORDERED that the Clerk of the Court shall enter judgment in favor of Plaintiff A.P. Moller-Maersk A/S d/b/a/ Maersk Sealand and against Defendant Tingey Trading International, Inc. in the amount of $41,886.00.

Dated:  August 24, 2006

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
U. S. District Judge